IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIRST COMMUNITY BANK,**

 **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　　　　**09 CV 964 JP/WDS**

**K & M DEVELOPMENT, INC., a New Mexico corporation; MICHELLE DASKALOS, an individual; BIG M PLUMBING, INC., a New Mexico corporation,**

 **Defendants.**

**AND**

**K & M DEVELOPMENT, INC., a New Mexico corporation; MICHELLE DASKALOS, an individual;**

 **Counter-Plaintiffs,**

vs.

**FIRST COMMUNITY BANK, a state chartered bank,**

 **Counter-Defendant.**

**AND**

**K & M DEVELOPMENT, INC., a New Mexico corporation; MICHELLE DASKALOS, an individual;**

 **Third-Party Plaintiff,**

vs.

**WILLIAM DOLAN, an individual,**
 **Third-Party Defendant.**

1

## MEMORANDUM OPINION AND ORDER

On October 22, 2009, Defendants/Third Party Plaintiffs, K&M Development ("K&M") and Michelle Daskalos ("Daskalos") filed their Motion to Remand (Doc. No. 10) this case to the state court. On November 5, 2009, Plaintiff First Community Bank (the "Bank") filed a Response to the Motion to Remand (Doc. No. 12). On November 9, 2009, Third-Party Defendant William Dolan ("Dolan") filed Third Party Defendant William Dolan's Response To Michelle Daskalos and K&M Development, Inc.'s Motion To Remand ("Dolan's Response") (Doc. No. 17). On November 23, 2009, K&M and Daskalos filed their Reply To First Community Bank's Response To Motion To Remand (Doc. No. 18). On November 30, 2009, K&M and Daskalos filed their Reply To Response By William Dolan To Motion To Remand (Doc. No. 19). On December 3, 2009, Dolan filed his Motion for Leave to File Surreply In Opposition to K&M Development, Inc. And Michelle Daskalos' Motion to Remand (Doc. No. 23) (the "Motion For Leave to File Surreply"). On December 16, 2009, K&M and Daskalos filed their Response to Motion for Leave to File Surreply (Doc. No. 24). In a separate order (Doc. No. 28) the Court denied Dolan's Motion For Leave to File Surreply.

On October 1, 2009, Third Party Defendant Dolan removed this case from the Second Judicial District Court, Bernalillo County, New Mexico (the "state court") alleging federal question jurisdiction under 28 U.S.C. § 1331. Dolan asserts that under 28 U.S.C. § 1441(c) removal is appropriate because at least two of K&M's and Daskalos' third party claims against Dolan and three of K&M's and Daskalos' counterclaims against the Bank are for alleged violations of federal banking statutes. In the Motion to Remand, K&M and Daskalos argue that Dolan, as a third party defendant, cannot remove this case under 28 U.S.C. § 1441.

I. Background

The Bank filed this lawsuit in state court seeking repayment of a loan from K&M; foreclosure of the collateral securing the loan; and enforcement of a guarantee of the loan from Daskalos.[1] The loan funded K&M's purchase and development of real property near downtown Albuquerque, New Mexico. The Bank also seeks enforcement of an assignment of water rights; a declaration that its liens on the property are superior to a lien asserted by Defendant Big M Plumbing, Inc.; and the appointment of a receiver. The Bank asserts all of its claims under state law.

K&M and Daskalos filed an Answer, Counterclaim and Third-Party Complaint seeking to declare the notes, mortgages, security agreements, assignments, and guarantees unenforceable and alleging counterclaims in against the Bank. K&M and Daskalos also asserted third party claims against Dolan, who was the Executive Vice President of the Bank during the time that the loan was negotiated and funded. K&M and Daskalos allege *inter alia* that in 2007 K&M originally sought funding for the construction of town homes on the property. K&M received approval of the project and building permits from the City of Albuquerque, but those approvals were cancelled after individuals in the neighborhood objected to the plan for traffic access to the property. K&M alleges that instead of changing the design to address the residents' objections, Dolan encouraged K&M to change the project and construct apartment units instead of town homes or condominiums. K&M changed the project and got City approval. Daskalos alleges that during this time Dolan made unwelcome sexual advances toward her, which she alleges caused her extreme emotional distress. Daskalos alleges that her complaints to officers at the

---

[1] Although several loans were made to K&M, the loans were consolidated; therefore, the Court will refer to the consolidated obligations as a loan.

Bank were "brushed off." Daskalos further alleges that in August of 2008 the Bank advised her that it needed additional collateral, including a lien on Daskalos' residence and her water rights, before it would fund the loan. The Bank requested the additional collateral because it had received a lower appraisal on the property. Daskalos alleges that the Bank did not disclose the appraisal to her. Daskalos alleges that she agreed to pledge water rights that she owned but did not agree to pledge her residence. Daskalos alleges that instead of a security agreement on her water rights, the Bank presented for her signature a self-executing foreclosure or power of sale on her water rights, which the Bank is now attempting to enforce. Daskalos also alleges that the Bank presented to her a mortgage on her residence, which she also unknowingly signed. Daskalos alleges that the Bank repeatedly assured her that it was going to fully fund the loan; however, the Bank had no intention of fully funding the loan beyond the planning and design costs. Daskalos contends that in November 2008, the Bank funded loans to cover expenses incurred to that point but did not intend to fully fund the construction of the project. Daskalos asserts she would not have redesigned the project, incurred the extra expenses, or pledged her personal water rights without the continuing assurances by the Bank and Dolan that the loan would be fully funded.

     K&M and Daskalos assert the following counterclaims against the Bank and third party claims against Dolan: 1) sexual harassment in violation of common law; 2) intentional infliction of emotional distress: 3) violation of the Federal Truth in Lending Act (15 U.S.C. § 1601 et seq.) ("TILA"); 4) violation of the Federal Equal Credit Opportunity Act (15 U.S.C. § 1691 et seq.)

("ECOA"); 5) violation of the Fair Housing Act (42 U.S.C. §§ 3613-3619) ("FHA");[2] 6) violation of the New Mexico Unfair Practices Act (N.M.S.A. 1978 § 57-12-1 et seq.); 7) breach of the covenant of good faith and fair dealing; 8) breach of contract; 9) misrepresentation; 10) violation of New Mexico law regarding confession of judgment, cognovit provisions, and/or power of sale; and 11) prima facie tort.

In the Notice of Removal, Dolan asserts that this case may be removed to this Court under 28 U.S.C. § 1441(c), which states:

> (c) Whenever a separate and independent claim . . . within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims . . ., the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). K&M and Daskalos assert three reasons why this case should be remanded to state court: 1) the claims against Dolan are not separate and independent as required by § 1441(c); 2) the majority of courts do not allow a third party defendant to remove; and 3) Dolan failed to obtain the consent of all Defendants required by 28 U.S.C. § 1446 and the case law.

## II. Discussion

There is a general presumption against removal jurisdiction, and removal statutes must be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate that removal is appropriate. *Baby C. v. Price*, 138 Fed. App'x 81, 83 (10th Cir. 2005).

---

[2] K&M and Daskalos have conceded that they have no basis to assert the claim against Dolan for violation of TILA. Thus, only two federal statutes, the ECOA and the FHA, provide the basis for federal question jurisdiction. *See* Response to Dolan's Motion To Dismiss (Doc. No. 11) at p. 4.

A. Separate and Independent Claims

Although the Tenth Circuit has not ruled on the issue, the majority of courts have concluded that third party removal is not permitted under § 1441(c). *NCO Financial Systems, Inc. v. Yari*, 422 F. Supp. 2d 1237, 1239 (D. Colo. 2006) (stating that a majority of courts have "declined to extend § 1441(c) to encompass removal by third-party defendants."). Some courts permit third party defendants to remove a separate and independent third party claim that would be removable if asserted alone. *See, e.g. Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133, 135-36 (5th Cir. 1980) (allowing removal of third party claim against a surety because it presented a separate and independent controversy but severing and remanding main claim for breach of construction contract). Dolan asks the Court to allow removal in this case because it is one of a narrow set of cases in which a third party defendant should be allowed to remove under § 1441(c). Dolan argues that the claims against him are truly separate and independent from the original claims asserted by the Bank because the claims against him do not effect K&M's and Daskalos' liability to the Bank. K&M and Daskalos argue that their claims are not separate and independent of the Bank's claims because all of the claims are related to the loan transaction.

The Supreme Court explained that certain claims are not considered separate and independent under § 1441(c), "where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent cause of action under 1441(c)." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 13 (1951). In a case that did not involve a third party claim, the Tenth Circuit applied the holding of *Finn* and found that a railroad defendant could not remove the case brought against it and one of the railroad's employees because the claim arose out of the same event on railroad property and was

not a separate and independent cause of action under § 1441(c). *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir. 1951). "An action is removable under Sec. 1441(c), . . . only when the complaint in the state court sets up two or more claims, where one of such claims is separate and independent from the others and where an action brought on it alone would have been removable." *Id.*

Under this standard, K&M's and Daskalos' counterclaims and third party claims are not "separate and independent" from the claims asserted by the Bank in the complaint because they relate to the actions of the Bank and Dolan during the funding and administration of the loans that the Bank seeks to enforce in its complaint. As such, the third party claims against the Bank and Dolan are not separate and independent from the main foreclosure claim and are not removable under § 1441(c).

    B. Removal by Third Party Defendants

Even if K&M's and Daskalos' claims could be considered separate and independent of the Bank's claims, the majority of circuit courts and district courts in this circuit have concluded that third party defendants have no right to remove under § 1441(c). *See, e.g. First National Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("we conclude that neither § 1441(a) nor § 1441(c) provides third-party defendants with the right to remove a case to federal court."); *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir.1991) ("We do not . . . believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim."); *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir.1984) ("[I]n the broad run of third-party cases . . . the third-party defendant cannot remove under section 1441(c)."); and *NCO Financial Systems, Inc. v. Yari*, 622 F. Supp. 2d at 136 (same).

Courts cite several reasons why removal on the basis of a third party claim is prohibited.

First, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d at 873.  Second, under this presumption, if there is a question whether removal is appropriate, a court should adopt a reasonable, narrow construction of the statute. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (remanding case to state court and construing meaning of word "commenced" under Class Action Fairness Act of 2005).  Third, the language of the statute has been interpreted to preclude removal by a third party defendant. Section 1441(c) states "[w]henever a separate and independent claim . . . within the jurisdiction conferred by section 1331 . . . is **joined with** one or more otherwise non-removable claims" the entire case may be removed.  28 U.S.C. § 1441(c) (emphasis added).  Most courts interpret the term "joined" to mean only claims joined by the plaintiff, not claims asserted by a defendant as a counter claimant or as a third party plaintiff.  *See NCO Financial Systems, Inc. v. Yari*, 422 F. Supp. 2d at 1239 (stating that opponents of removal by third party defendants argue that only claims joined by the plaintiff are "joined with . . . the non-removable claims" within the meaning of § 1441(c)).

Policy justifications also support prohibiting removal by third party defendants.  If removal could be based on claims asserted by defendant (third party plaintiff), a plaintiff could be forced "to litigate in a federal court that he did not choose and to which his adversary originally could not have removed." *Id.* (citation omitted).  Additionally, allowing removal of an entire suit based on a third party claim would expand the jurisdiction of federal courts undermining the statutory limits on removal. *Id.*

Dolan argues that § 1441(c) does not explicitly state that only claims joined by a plaintiff can support removal.  And, Dolan points out that the Bank, the original plaintiff, has consented to removal; thus, maintenance of the Bank's choice of forum is not a concern here.  However,

8

even if the Tenth Circuit would join the minority of courts allowing third party removal under § 1441(c), Dolan can only remove the claims against him if they are separate and independent from the claims asserted by the Bank.  And, as discussed *infra*, they are not.

In addition, the well pleaded complaint rule, followed by courts to determine whether federal question jurisdiction exists, precludes removal in this case.  *See Radio Shack Franchise Dept. v. Williams*, 804 F. Supp. 151, 152 (D. Kan. 1992) (applying well pleaded complaint rule to removal by third party defendant who asserted a separate and independent RICO claim because plaintiff's complaint did not assert federal cause of action).

In a case removed by a defendant, the Supreme Court stated:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. . . . The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citations omitted).  One district court in New Mexico has stated the plaintiff's claims must created by federal law or resolution of the plaintiff's claims must "'turn on a substantial question of federal law.'" *Bonadeo v. Lujan*, No. Civ. 08-0812 JB/ACT, 2009 WL 1324119, at *6 (D.N.M. Ap. 30, 2009) (Browning, J.) (citing *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235 (10th Cir.2003) (citation omitted)). If the resolution turns on a substantial question of federal law, the federal question must also be "contested." *Id.* (citing *Grable & Sons Metal Products Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005)).

In this case, the Bank's complaint contains only state law claims; this case originally could not have been filed in federal court or removed to federal court.

Moreover, under the well-pleaded complaint rule, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar,* 482 U.S. at 393.  And, a defendant may not remove a case brought in state court under state law simply by raising a federal counterclaim. *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).  Since a counterclaim cannot supply the basis for removal, neither should a third party claim that is not separate and independent provide the basis for removal.  *See Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (counterclaim alleging federal claims cannot render eviction action removable). *See also Deutsche Bank Nat. Trust Co. v. Daniel*, No. 07-CV-01295, 2007 WL 2302101, at *3 (10th Cir. Aug. 7, 2007) (holding that removal based on defenses asserting federal civil rights violations was improper and remanding complaint because the original claims for foreclosure, appointment of receiver, and breach of promissory note did not present a federal question).

In this case, the Bank seeks collection of a debt and foreclosure of security under state law. The counterclaims and the third party claims sounding in contract and tort and also alleging violations of federal law arise out of Dolan's and the Bank's alleged actions related to the same loan.  If the Court allowed removal in this case, it would run the risk of  "federaliz[ing] [ ] 'garden variety' state-law claim[s] . . . traditionally heard in state courts." *Bonadeo,* 2009 WL

---

1324119 at *8 (citing *Grable*, 545 U.S. at 318).  Thus, remand of this case is appropriate.[3]

      C. <u>Remand of the Entire Case Is Appropriate</u>

K&M and Daskalos urge the Court to remand all of the claims to state court under § 1447(c) because the Court lacks subject matter jurisdiction.  Having found that the Court lacks subject matter jurisdiction on the basis of the complaint because it does not assert federal claims, the Court will remand the entire case to the state court.[4]

      D. <u>Attorneys Fees and Costs.</u>

A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has recently clarified the standards governing an award of fees under § 1447(c). "Absent unusual

---

[3] K&M and Daskalos also argue that Dolan's removal was defective because he failed to get consent from all of the defendants.  However, the only other "defendant" against whom K&M and Daskalos assert claims – the Bank– has consented to the removal.  Therefore, the Court declines to address whether Big M Plumbing is required to consent. Consent of all defendants is required whether a case is removed under § 1441(a) or (c).  *See Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1174 (D.N.M. 2007) (remanding case removed under § 1441(c) because removing defendant did not obtain consent of co-defendant). Big M Plumbing is not a defendant against which third party claims are asserted; and therefore, Big M Plumbing should not be required to consent to the removal by Dolan.  Yet, under a literal reading of the procedural statute, 28 U.S.C. § 1446 and its application to cases removed under § 1441(c), Big M Plumbing, a named defendant in the case, must consent.  Thus, it appears that Dolan's failure to obtain Big M Plumbing's consent would support remand if Dolan had the right to remove.  This procedural requirement, that all "defendants" consent to removal, underscores the confusion created when a third party defendant attempts to remove a case to federal court.

[4] State courts have concurrent jurisdiction over K&M's and Daskalos' claims under federal law.  *See Equity Plus Consumer Finance and Mortgage Co., Ltd. v. Howes,* 861 P.2d 214, 216 (N.M. 1993) (TILA case); *Western Star Finance, Inc. v. White*, 7 P.3d 502, 503 (Okla. Civ. App. 2000) (ECOA case); *Hill v. Community of Damien of Molokai,* 911 P.2d 861, 868 (N.M. 1996) (FHA case). Thus, K&M and Daskalos may litigate their counterclaims and third party claims in the state court.

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Whether a third party defendant may remove on the basis of a third party complaint has not yet been decided in the Tenth Circuit, and courts disagree on the issue. Thus, the Court cannot say that the removal of this case was objectively unreasonable. The Court in its discretion will deny K&M's and Daskalos' request for an award of attorney's fees and costs.

IT IS ORDERED that the Motion to Remand (Doc. No. 10) is granted, and this case is remanded to the Second Judicial District Court, Bernalillo County, New Mexico.

IT IS ALSO ORDERED that K&M's and Daskalos' request for an award of attorney's fees and costs is denied.

*James A. Parker*
UNITED STATES SENIOR DISTRICT JUDGE